Smith,
dissenting: The evidence shows that the bank and the investment corporation were separate corporations. The shares of the investment corporation became worthless in 1933. It follows that a stockholder owning shares in the investment corporation sustained a loss in 1933 represented by his investment in the shares of the investment corporation.
The petitioners claim the right to deduct from their gross incomes of 1933 the amounts they paid for shares of stock in the investment corporation. The Board has denied the claimed deductions upon the ground that it is difficult, if not impossible, to determine the exact amount of their investments in those shares. I am of the opinion that the deductions are not to be disallowed upon this ground. It is the function of the Board to determine the amount of the losses, if any such were sustained. The Board is not absolved from the duty of making such determinations because of difficulty in doing so. Cf. Cohan v. Commissioner (C. C. A., 2d Cir.), 39 Fed. (2d) 540; National Outdoor Advertising Bureau v. Helvering (C. C. A., 2d Cir.), 89 Fed. (2d) 878.
In the case of Andre deCoppet it is shown that he acquired 11,000 shares of the bank’s stock prior to June 1929, and that on June 15, 1929, he paid $440,000 in the acquisition of an additional 11,000 shares. He was required to pay $40 a share, of which amount $10 was the cost to him of beneficial rights in 2 shares of the investment corporation, which shares were to be held by trustees for the benefit of the bank’s shareholders. The shares of the investment corporation became worthless in 1933. DeCoppet plainly sustained a loss on his investment in 22,000 shares of the investment corporation of at least $110,-000. I think the Board is in error in disallowing the deduction of the proven loss.
*1396 DeCoppet also claims the right to the deduction of additional amounts representing his investment in shares of stock acquired subsequent to June 15, 1929. I think it is possible to determine that the loss was in excess of $110,000. But in any event deCoppet is entitled to deduct from the gross income of 1933 his proven loss.
It is also possible to determine minimum amounts of losses sustained by other petitioners which likewise are deductible.
Arundell, Van Fossan, and Harron agree with this dissent.